# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN PARKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 18-CV-0232-JED-FHM |
| | ) |
| JOE ALLBAUGH, Director, | ) |
| Oklahoma Department of Corrections, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2241 habeas corpus proceeding commenced by Petitioner Alvin Parker, a state inmate appearing *pro se*. Petitioner alleges "a constitutional violation under the 14th Amendment for [R]espondent's refusal to release him because he has discharged his sentence." Doc. 1, at 5. More specifically, he alleges that Respondent "refused to treat [his] 199 year sentence as a life sentence, and did not deduct his earned credits from his sentence under the 1997 definition of life to result in his completion of his sentence." *Id.* Petitioner further alleges that in 1997 the Oklahoma Legislature defined a life sentence "as not less than 18 years nor more than 60 years" and, with the benefit of earned credits, Petitioner served his maximum 60-year sentence as of October 2014 and "is entitled to be released from confinement." *Id.* at 5-6. In response to the petition, Respondent filed a motion to dismiss (Doc. 7), requesting the petition be dismissed for failure to exhaust state judicial remedies or as time barred. Alternatively, Respondent urges this Court to deny Petitioner's claim on the merits because Petitioner has not discharged his sentence and therefore cannot show that he is being held in violation of his constitutional rights. Doc. 7, at 5-8. Petitioner filed a response (Doc. 8) to the motion to dismiss, asserting he exhausted state judicial

remedies, his claim is timely, and he is entitled to habeas relief because, based on his understanding of Oklahoma law, he has discharged his sentence. In addition, Petitioner filed five motions seeking miscellaneous relief: a motion to expedite ruling (Doc. 9), a motion for recognizance bail (Doc. 10), a motion for appointment of counsel (Doc. 13), a motion for hearing (Doc. 14), and a motion for expansion of the record (Doc. 15).

As discussed below, the Court finds it more efficient to deny Petitioner's claim on the merits than to address Respondent's arguments that the petition should be dismissed on procedural grounds. Therefore, the Court shall deny Respondent's motion to dismiss the petition, deny the petition for a writ of habeas corpus, and declare moot Petitioner's pending motions for miscellaneous relief.

## *BACKGROUND*

Petitioner is currently in custody at the Dick Conner Correctional Center (DCCC) in Hominy, Oklahoma. Doc. 1, at 1. He is serving a 199-year sentence following his conviction in the District Court of Oklahoma County, Case No. CRF-1985-698, of second degree murder after former conviction of a felony. Doc. 7, at 1; Doc. 7-1, at 1. On October 23, 2017, Petitioner submitted a request to staff alleging:

> My CRC reflect[s] that in October 2014, I had 50688 days remaining to serve in CRF-85-698, Oklahoma County. That statisfies the maximum 60 year sentence I was to receive under the 1997 Truth in Sentencing Act which was applicable to reduce my 199 year sentence to a term of 18 to 60 years. Please show I have discharged.

Doc. 7-2, at 1.[1] Petitioner sought the following relief:

> Correct the CRC to reflect that I have fully served my sentence of 199 years, which was reduced to a sentence of 18-60 years by the 1997 Truth in Sentencing Act. In

---

[1] According to Respondent, "CRC" refers to Petitioner's Consolidated Record Card which is Respondent's official document reflecting the execution of a sentence. Doc. 7, at 2 n.1.

2

> October 2014 I had served over 21,900 days, which is equivalent to the maximum 60 year term.

Doc. 7-2, at 1. A DCCC staff member responded to Petitioner's request by stating, "Mr. Parker you were sentenced to serve 199 years. We have no documentation by the court that your sentence was ever modified. At the end of September 2017 you have 47,588 days remaining." *Id.*

On October 26, 2017, Petitioner submitted Grievance no. DCCC-17-077 to the DCCC's warden, Janet Dowling, alleging the same claim and seeking the same relief. *Id.* at 2-3. Warden Dowling issued a grievance decision on October 31, 2017. *Id.* at 4. Warden Dowling denied relief, stating, "I have reviewed your CRC Card and it is correct. You were sentenced to 199 years, not life. You have approximately 47,530 days remaining on your current sentence." *Id.*

Petitioner appealed Warden Dowling's decision by submitting a grievance appeal to the Administrative Review Authority (ARA) on November 6, 2017. *Id.* at 5-6. Finding no error, the ARA affirmed Warden Dowling's response and denied relief. *Id.* at 7.

After exhausting administrative remedies, Petitioner filed a petition for writ of mandamus in the District Court of Osage County, Case No. CV-2017-63. Doc. 7-3. Petitioner alleged the Oklahoma Department of Corrections (ODOC) "erroneously rejected [his] calculation that [he] has long-ago fully discharged his 199 year sentence" because "he has served approximately 21900 days with deductions for earned credits in October 2014, which satisfied a requirement for 60 year years [sic] in custody, and that under 1997 Oklahoma legislation, 'life' in prison was defined as 18 to 60 years." *Id.* at 2 & n.1. By order filed March 15, 2018, the state district court found that the case appeared to be improperly filed in Osage County, rather than Oklahoma County, but further found that the ODOC waived improper venue by entering an appearance and seeking relief. *Id.* at 1, 4. The state district court granted the ODOC's motion to dismiss the mandamus petition, finding

Petitioner failed to establish a clear legal right to the relief sought, had a statutory remedy other than mandamus through the Uniform Post-Conviction Procedure Act, and misled the court by stating in his mandamus petition that he had not previously raised his claim in prior state or federal lawsuits. *Id.* at 4-5.

Petitioner filed an appeal with the Oklahoma Court of Criminal Appeals (OCCA) on March 26, 2018. Doc. 7-4, at 2. By order filed April 9, 2018, in Case No. MA-2018-301, the OCCA declined jurisdiction and dismissed the matter, finding that Petitioner failed to give adequate notice to the proper party as required by Rule 10.3, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2018). Doc. 7-5.

Petitioner filed the instant § 2241 habeas petition on April 25, 2018. Doc. 1. He identifies one ground for habeas relief:

> **GROUND ONE: Petitioner claims a constitutional violation under the 14th Amendment for respondent's refusal to release him because he has discharged his sentence.**
> (a) Supporting facts: The respondent refused to treat Petitioner's 199 year sentence as a life sentence, and did not deduct his earned credits from his sentence under the 1997 definition of life to result in his completion of his sentence. Respondent had a statutory duty under 57 O.S. § 138, to deduct Petitioner's earned credits from his life sentence when a court or legislature defined life as a number of years. Id. Petitioner's 199 year sentence for all practical purposes is a life sentence. Fields v. State, 501 P.2d 1390 (Okl. Cr. 1972); Casady v. State, 721 P.2d 1342, 1346 (Okl. Cr. 1986). In 1997, a life sentence was defined by the state legislature as not less than 18 years nor more than 60 years. 1997 First Regular Legislative Session, Ch. 133 § 4(6). The 1997 definition of life cannot be repealed, and accrued, vested rights, can in no way be denied after a statute is repealed. Pre-1997 parts of a sentence, even if repealed, must still be applied when it benefits a prisoner. Resolution Trust Corp. v. Wright, 868 F. Supp. 301 (W.D. Okla. 1993). Respondent's refusal to deduct Petitioner's earned credits from his life sentence under the 1997 definition of life to result in his completion of his sentence, his scheme was ex post facto change, voiding his sentence. Weaver v. Graham, 450 U.S. 24 (1981). Petitioner has served approximately 21,900 days, with his earned credits deducted, as of October, 2014, which is equivalent to service of the maximum 60 year term, and is entitled to be released from confinement.

Doc. 1, at 5-6.  In his request for relief, Petitioner asks this Court for: "Correction of Petitioner's Consolidated Record Card (CRC) to reflect that in October, 2014, Petitioner discharged the maximum 60 year term that he received under the 1997 state legislation's definition of life as 18 to 60 years, with deductions of earned credits." *Id.* at 7.

In response to the petition, Respondent filed a motion to dismiss the petition on three grounds.  First, Respondent contends Petitioner failed to exhaust available state court remedies "due to his failure to serve notice on the adverse party before the Oklahoma Court of Criminal Appeals." Doc. 7, at 3-4.  Second, Respondent contends Petitioner's claim is time-barred because Petitioner (1) alleges his sentence was discharged in October 2014 but did not attempt to exhaust administrative remedies until October 2017 and did not file the instant habeas petition until April 2018, and (2) relies on repealed 1997 legislation to support his claim that his sentence cannot exceed a 60-year term.  *Id.* at 4-5.  Third, Respondent contends Petitioner's claim fails on the merits because "[h]e has provided no authority for this [C]ourt to determine his sentence is discharged," thus, he has failed to show he is being held in violation of the Constitution.  *Id.* at 5-8.

In response to the motion to dismiss, Petitioner alleges he exhausted his claim in state court because, contrary to the OCCA's finding, he did provide notice of his mandamus action to the ODOC.  Doc. 8, at 3-4.  He further alleges his claim is not time barred because he "could not have discovered the factual basis of his claim, i.e., that he discharged his sentence in October 2014, through the exercise of due diligence because Respondent never provided him with a copy of a monthly report of his accumulated time in accordance with 57 O.S. § 138(I), and [he] swears that he has never received any such monthly report of his accumulated time." *Id.* at 4-5.  In addition, he contends the claim is not time barred because it "is not based in part upon the 1997 legislation which

5

was repealed before it took effect" but rather is "based upon the definition of a life sentence as a number of years set forth in the definition section of the 1997 legislation." *Id.* at 5. Finally, Petitioner asserts that the authorities he cites in his petition support his claim that he has discharged his sentence and that he is therefore being held in violation of the Fourteenth Amendment. *Id.* at 6-7.

## *ANALYSIS*

As an initial matter, the Court finds Petitioner's claim challenges the execution of his sentence and is properly brought under § 2241, despite the fact that he is clearly "a person in custody pursuant to the judgment of a state court," under § 2254(a). Significantly, the United States Court of Appeals for the Tenth Circuit has held that state prisoners may seek a writ of habeas corpus under either § 2241 or § 2254. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). "Section 2241 is a vehicle for challenging pretrial detention . . . or for attacking the execution of a sentence," whereas § 2254 "is the proper avenue for attacking the validity of a conviction and sentence." *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008).[2]

---

[2] Petitioner has previously filed a § 2241 petition in this court challenging the execution of his sentence on similar grounds. *See* N.D. Okla. Case No. 17-CV-134-JED-FHM. However, the Tenth Circuit has also held, albeit only in unpublished decisions, that a state prisoner need not seek prior authorization under § 2244(b)(3)(A) before filing a successive § 2241 petition. *See White v. McKinna*, No. 06-1069, 2006 WL 1234867, at *1 (10th Cir. May 2, 2006) (unpublished) (collecting cases). According to *White*, successive § 2241 petitions are subject to abuse-of-the-writ principles drawn from cases decided before Congress enacted the Antiterrorism and Effective Death Penalty Act. *Id.* Because Respondent does not assert that the instant petition is successive and because the Court finds it more efficient to deny the petition on the merits, the Court will not address whether Petitioner has abused the writ by challenging the execution of his sentence in a second § 2241 habeas petition on grounds similar to those presented in N.D. Okla. Case No. 17-CV-134-JED-FHM.

Even though Petitioner's claim is properly before this Court in a § 2241 petition, the Court finds Petitioner fails to show he is entitled to federal habeas relief.[3] A federal habeas court may grant relief to a state prisoner only on the ground that he is being held in custody in violation of the United States Constitution or federal law. 28 U.S.C. § 2241(c)(3); *id.* § 2254(a). Petitioner's sole claim is that Respondent is violating the Fourteenth Amendment by "refus[ing] to release him because he has discharged his sentence." Doc. 1, at 5. As Respondent contends, Petitioner's assertion that he has discharged his sentence is based on a misreading of Oklahoma law. Doc. 7, at 5-8. As a result, Petitioner fails to show that his continued custody violates federal law.

Petitioner's claim that he is being held in violation of the Fourteenth Amendment rests on two premises drawn from Petitioner's reading of Oklahoma law. First, he contends the ODOC is required to treat his 199-year sentence as a life sentence. Doc. 1, at 5. Arguably, the authorities Petitioner cites for this point support his position. *See Casady v. State*, 721 P.2d 1342, 1344, 1346 (Okla. Crim. App. 1986) (finding prisoner's multiple sentences exceeding 100 years each were not excessive because "[f]or all practical purposes the sentences will be considered and treated as life sentences"); *Camp v. State*, 664 P.2d 1052, 1054 (Okla. Crim. App. 1983) ("Sentence[s] beyond the

---

[3] Under Tenth Circuit precedent, where analysis of the merits of an issue is more efficient than addressing the level of deference owed or issues of procedural bar, the court may proceed directly to the review of the merits of the claim to deny relief. *See Smith v. Mullin*, 379 F.3d 919, 927 (10th Cir. 2004) ("We need not determine the level of deference owed the OCCA's conclusions as to these various misconduct claims or which [claims] are barred on independent and adequate state grounds. Where an issue may be more easily and succinctly affirmed on the merits, judicial economy counsels in favor of such a disposition." (internal quotations and citation omitted)); *Cannon v. Mullin*, 383 F.3d 1152, 1159 (10th Cir. 2004) ("When questions of procedural bar are problematic, however, and the substantive claim can be disposed of readily, a federal court may exercise its discretion to bypass the procedural issues and reject a habeas claim on the merits."). The parties dispute exhaustion and timeliness but the record and arguments on those issues are not well developed. Thus, the Court exercises its discretion to bypass those procedural issues and dispose of the petition on the merits.

normal life span are not for that reason excessive since they are for all practical purposes life sentences."); *Fields v. State*, 501 P.2d 1390, 1394 (Okla. Crim. App. 1972) (stating prisoner's 1,000-year sentence "has the practical effect of a life sentence").

Nonetheless, even assuming Petitioner's 199-year sentence has the practical effect of a life sentence, there is no support for his second premise—*i.e.*, that the ODOC must treat his "life" sentence as a determinate sentence of 18 to 60 years based on a definition of a "life sentence" passed by the Oklahoma Legislature in 1997 and repealed before it took effect. Doc. 1, at 5-6. As Respondent points out, the OCCA has previously rejected this argument as "wholly frivolous." Doc. 7, at 7; Doc. 7-6, *Jackson v. McCollum*, No. HC-2016-955, (Okla. Crim. App. Nov. 7, 2016) (unpublished), at 1-2. In *Jackson*, a state prisoner sought a writ of habeas corpus in state court alleging that "his life sentence should be treated as a term sentence of sixty (60) years imprisonment" and that with the benefit of earned credits, he was entitled to be released. Doc. 7-6, at 1. In denying habeas relief, the OCCA reasoned,

> Petitioner derives his theory that his life sentence should be construed as a term sentence of sixty (60) years imprisonment from language found in a sentencing matrix that was codified at 21 O.S. Supp. 1999, § 20.1, as part of the repealed Truth in Sentencing Act. At the end of that matrix is the statement, "Schedule A is first degree murder, punishment = imprisonment for 18-60 yrs (life), life imprisonment without parole, death." Although Section 20.1 was repealed, its matrix is still utilized in a formula that determines when "any person in the custody of the Department of Corrections shall be eligible for consideration for parole" whose crime was "committed prior to July 1, 1998." 57 O.S. Supp. 2013, § 332.7(A)(2), (3).
> 
> Contrary to Petitioner's theory, the fact that certain statutes, for purposes of determining the date of parole eligibility, might treat Petitioner's life sentence as a term of years does not cause that sentence to be magically transposed into a term of years for other purposes. *See Anderson v. State*, 2006 OK CR 6, ¶ 4, 130 P.3d 273, 286 ("Life, in Oklahoma, means life, and therefore 85% of a life sentence is not discernable with any mathematical certainty.") (Lumpkin, V.P.J., concurring in part and dissenting in part). Petitioner's theory further breaks down on the basis that he cannot receive earned credits on a life sentence, as the earned credit statute prohibits

it.  *See* 57 O.S. Supp. 2015, § 138(A) ("[n]o deductions shall be credited to any inmate serving a sentence of life imprisonment").

   Having received a life sentence, Petitioner, for the rest of his natural life, is required to remain in the custody of the Department of Corrections subject only to being paroled or having his sentence commuted. He therefore cannot show error in [the state district court's] having denied the Petition for Writ of Habeas Corpus that [p]etitioner filed in the District Court.

Doc. 7-6, at 2-3.

Petitioner attempts to distinguish his claim from the one rejected in *Jackson* by asserting that he does not rely on the statement found in the 1997 sentencing matrix that is specific to first degree murder.  Doc. 8, at 6; Doc. 15, at 2.  Rather, he asserts, he relies on "the general definition of a life sentence set forth in the definition section of the 1997 legislation," which he identifies as the definition found in "1997 First Regular Legislative Session, Ch. 133 § 4(6)."  Doc. 1, at 5; Doc. 8, at 6; Doc. 15, at 2.  But this is a distinction without a difference.

Regardless of whether Petitioner relies on a statement in the 1997 Act's sentencing matrix that is specific to sentences for first degree murder or relies on the Act's "general definition" of a life sentence, the Act's provisions defining a life sentence as a term of 18 to 60 years were repealed before the Act ever took effect.  *See, e.g.*, *Jackson v. McCollum*, 708 F. App'x 965, 965-66 (10th Cir. 2018) (unpublished)[4] (finding habeas petitioner's assertion of "entitlement to immediate release [was] based on a misreading of Oklahoma law" because "the provision of Oklahoma law defining 'life imprisonment' as 'a period of not less than eighteen (18) years nor more than sixty (60) years' was repealed *before it ever took effect*"(emphasis in original)); *Easterwood v. Beck*, 247 F. App'x 145, 147 (10th Cir. 2007) (acknowledging that Ch. 133 § 4(6) of the Truth in Sentencing Act

---

[4] This and all other unpublished decisions herein are cited as persuasive authority.  *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

"defined life imprisonment as 'imprisonment for a period of not less than eighteen (18) years nor more than sixty (60) years . . . .'" but further acknowledging that "[t]he Act was repealed before it was to take effect"); *Collins v. Workman*, 125 F. App'x 246, 248 (10th Cir. 2005) (rejecting argument that Oklahoma's Truth in Sentencing Act created a liberty interest "entitling [prisoner] to serve no more than a 60-year sentence," explaining in detailed discussion of legislative history that the Act was repealed "[o]ne day before the law was to take effect," and stating, "we have previously held the Act never went into effect and that it did not create any federal constitutional claims for those seeking habeas relief"); *May v. McCollum*, No. CIV-14-30-M, 2015 WL 586330, at *4 (W.D. Okla. Feb. 11, 2015) (unpublished district court order adopting report and recommendation) (noting state prisoner seeking habeas relief under § 2241 correctly stated that "in 1997 the Oklahoma Legislature defined 'life imprisonment' as 'a period of not less than eighteen (18) years nor more than sixty (60) years,'" but further noting "this provision was repealed in 1999 before taking effect").

In short, even assuming Petitioner is correct that the ODOC should treat his 199-year sentence as a "life" sentence under the reasoning of *Fields*, *Casady*, and *Camp*, the ODOC is not required to treat his "life" sentence as being reduced to maximum term of 60 years under the 1997 legislative definition of a life sentence that never took effect.[5] More importantly, because he has not

---

[5] Notably, based on the OCCA's reasoning in *Jackson*, if the ODOC is required to treat Petitioner's 199-year sentence as a life sentence, he would not be eligible for earned credits. *See* Doc. 7-6, at 3 (explaining that under 57 O.S. Supp. 2015, § 138(A) "[n]o deductions shall be credited to any inmate serving a sentence of life imprisonment"). Because Petitioner received a determinate sentence of 199 years, rather than a life sentence, the ODOC continues to deduct his earned credits, as reflected in his CRC. Doc. 7-1, at 1-2.

shown that he has "discharged" his 199-year sentence, Petitioner cannot show that his continued incarceration violates the Fourteenth Amendment.

## *CONCLUSION*

Because Petitioner cannot show that he is being held in violation of the Constitution or federal law, he is not entitled to federal habeas relief. The Court therefore denies his petition for a writ of habeas corpus. As a result, the Court denies Respondent's motion to dismiss the petition and declares moot Petitioner's pending motions for miscellaneous relief.

### Certificate of Appealability

Under Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons discussed in the analysis section of this Opinion, the Court finds Petitioner fails to make this showing. A certificate of appealability is therefore denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Doc. 7) is **denied**.

2. The petition for writ of habeas corpus (Doc. 1) is **denied**.

3. Petitioner's pending motions for miscellaneous relief (Docs. 9, 10, 13, 14, 15) are **declared moot**.

4. A certificate of appealability is **denied**.

5. A separate Judgment shall be entered herewith.

ORDERED this 22nd day of October, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE