# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALVIN PARKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 18-CV-0232-JED-FHM |
| | ) |
| JOE ALLBAUGH, Director, | ) |
| Oklahoma Department of Corrections, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a closed 28 U.S.C. § 2241 habeas corpus action. By Opinion and Order filed October 22, 2018 (Doc. 16), the Court denied Petitioner's habeas petition. The Court entered Judgment (Doc. 17) in Respondent's favor the same day. Before the Court is Petitioner's timely motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) (Doc. 18), filed October 31, 2018. *See* Fed. R. Civ. P. 59(e) (providing Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment"). Petitioner alleges the Court committed a "clear error of law" when it denied his habeas petition. Doc. 18, at 1. More specifically, he contends the Court erred in relying on several unpublished decisions when, in his view, a published decision from the United States District Court for the Western District of Oklahoma establishes that he was entitled to relief. *Id.* at 1-3.

Ordinarily, to obtain relief under Rule 59(e), a civil litigant must demonstrate that there has been an intervening change in the controlling law, that there is new evidence previously unavailable, or that there is a need to correct clear error. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Petitioner seeks relief only on the basis of "clear error." However, when a habeas

petitioner files a Rule 59(e) motion, the Court's first task is to determine whether the motion is a "true" Rule 59(e) motion or whether the motion should be treated as a second or successive habeas petition. *See Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (discussing proper characterization of Fed. R. Civ. P. 60(b) motions in habeas context); *United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) (citing *Spitznas* and concluding that "Rule 59(e) motions are subject to the same characterization").

A Rule 59(e) motion is a "true" Rule 59(e) motion if it challenges either (1) a habeas court's procedural ruling "which precluded a merits determination of the habeas application" or (2) a defect in the integrity of the habeas proceeding, "provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas*, 464 F.3d at 1215-16. Conversely, a Rule 59(e) motion that "challeng[es] the habeas court's previous ruling on the merits of [a habeas] claim" should be treated as a second or successive habeas petition. *Id.* at 1216; *see also Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (explaining that a Rule 60(b) motion should be treated as a second or successive habeas petition "if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the [habeas corpus] statutes, entitled to habeas relief" (emphasis in original; footnote omitted)).

For two alternative reasons, the Court finds Petitioner is not entitled to relief. First, Petitioner's Rule 59(e) motion appears to challenge this Court's previous ruling denying his habeas petition on the merits. He contends the Court committed "clear error" by rejecting his habeas claim based on several unpublished decisions rather than following *Resolution Trust Corporation v.*

*Wright*, 868 F. Supp. 301, 305 (W.D. Okla. 1993), a published decision he cited in his habeas petition as "requir[ing] [Respondent] to treat Petitioner's life sentence as being reduced to a maximum term of 60 years under the 1997 legislative definition of a life sentence even though the definition was repealed before it ever took effect." Doc. 18, at 1-2; *see* Doc. 16, at 8-10 (citing unpublished orders and decisions from state and federal courts rejecting claims indistinguishable from Petitioner's that also relied on provisions of Oklahoma's Truth in Sentencing Act). Petitioner further contends this "clear error of law warrant[s] reconsideration of the Court's October 22, 2018 Order and Opinion which denied [his] habeas corpus petition." *Id.* at 3. Because Petitioner's Rule 59(e) motion "attacks the [Court's] previous resolution of a claim *on the merits*," the Court concludes his motion should be treated as a second or successive habeas petition. *Gonzalez*, 545 U.S. at 531. Construing the Rule 59(e) motion as a second or successive habeas petition, the Court further concludes that it should be dismissed for lack of jurisdiction because Petitioner failed to obtain the requisite authorization before filing the motion. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by [§ 2244(b)] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (*per curiam*) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [court of appeals] has granted the required authorization."). Finally, because Petitioner may still file a timely appeal to challenge this Court's denial of his habeas petition, the Court finds that the "interest of justice" does not warrant transfer of this matter to the Tenth Circuit Court of Appeals for authorization under § 2244(b)(3). *See Cline*, 531 F.3d at 1250-53 (discussing factors to consider in determining whether transfer under § 1631 is appropriate).

Second, in the alternative, even if the Court could construe Petitioner's Rule 59(e) as a "true" Rule 59(e) motion, the Court finds no clear error in its prior ruling and denies the motion. As discussed, Petitioner alleges this Court clearly erred in failing to grant habeas relief based on *Resolution Trust Corporation v. Wright*, 868 F. Supp. 301 (W.D. Okla. 1993). In that case, the United States District Court for the Western District of Oklahoma considered whether an Oklahoma law, enacted in 1992, violated the Oklahoma Constitution by "retroactively affect[ing]" pending lawsuits filed by Resolution Trust Corporation in accordance with Oklahoma common law and provisions of the Financial Institutions Reform, Recovery and Enforcement Act of 1989, 12 U.S.C. § 1821(k). *Resolution Trust Corp.*, 868 F. Supp. at 303-04. The court concluded OKLA. STAT. tit. 6, § 712(C), effective July 1, 1992, violated § 54 of the Oklahoma Constitution which, in relevant part, prohibits the legislature "from rescinding accrued rights whose basis can be found in the common law, as well as accrued rights that derive from statutory enactment that is subsequently repealed." *Resolution Trust Corp.*, 868 F. Supp. at 304 & n.2. In Petitioner's view, this Court clearly erred by failing to conclude that Petitioner has a "vested right," derived from Oklahoma's Truth in Sentencing Act, to have Respondent treat his life sentence as a determinate sentence of 18 to 60 years—a right Petitioner claims could not be rescinded through the Oklahoma Legislature's subsequent repeal of the Truth in Sentencing Act. Doc. 18, at 2-3. For two reasons, the Court disagrees that it committed "a clear error of law" as alleged by Petitioner. First, even assuming *Resolution Trust Corporation* supports Petitioner's habeas claim, this Court was not bound to follow that decision simply because it is published. *See Camreta v. Greene*, 563 U.S. 692, 709 n. 7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). Second, in

4

denying habeas relief, the Court failed to find *Resolution Trust Corporation* persuasive in light of several other, unpublished decisions and orders directly addressing Petitioner's specific arguments. *See* Doc. 16, at 8-10. As just discussed, the plaintiff in *Resolution Trust Corporation* challenged the Oklahoma Legislature's extinguishment of the plaintiff's "vested right" to sue the defendants for simple negligence, a right plaintiff derived from Oklahoma common law and an existing federal statute. 868 F. Supp. at 303. In his habeas petition, Petitioner challenged the Oklahoma Legislature's extinguishment of what he claims is his "vested right" to have his life sentence treated as a 60-year prison sentence, a right he claims derives from the Truth in Sentencing Act. Doc. 1, at 5-6; *see also* Doc. 18, at 1-2. But the Tenth Circuit has expressly held, albeit in several unpublished orders and decisions, that the Truth in Sentencing "Act never went into effect and that it did not create any federal constitutional claims for those seeking habeas relief." *Collins v. Workman*, 125 F. App'x 246, 248 (10th Cir. 2005) (unpublished); *see also Jackson v. McCollum*, 708 F. App'x 965 (10th Cir. 2018) (unpublished); *Teague v. Hines*, No. 00-6241, 2000 WL 1629445 (10th Cir. 2000) (unpublished); *Turner v. Champion*, No. 98-6480, 1999 WL 1032972 (10th Cir. 1999) (unpublished). The United States District Court for the Western District of Oklahoma and the Oklahoma Court of Criminal Appeals have reached the same conclusion, also in unpublished decisions. *See* Doc. 16, at 8-10 (citing cases). Granted, like *Resolution Trust Corporation*, these unpublished orders and decisions from the Tenth Circuit, other federal district courts and state courts are not binding on this Court. *See United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005) ("In this circuit, unpublished orders are not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel, and we have generally determined that citation to unpublished opinions is not favored."). Nonetheless, in denying habeas relief, the Court found these

unpublished orders and decisions far more persuasive than *Resolution Trust Corporation* with respect to Petitioner's sole habeas claim. *See id.* (noting that "if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow citation to that decision"); Fed. R. App. P. 32.1(a). For these reasons, the Court rejects Petitioner's claim that the Court committed clear error when it denied Petitioner's habeas petition and, therefore, denies Petitioner's Rule 59(e) motion.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion to alter or amend judgment (Doc. 18) is **dismissed without prejudice** for lack of jurisdiction as an unauthorized second or successive habeas petition. Alternatively, to the extent this Court could construe Petitioner's Rule 59(e) as a "true" Rule 59(e) motion over which this Court has jurisdiction, the Court finds no clear error in its prior ruling and **denies** the motion.[1]

**DATED** this 7th day of November, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[1] The Court denies a certificate of appealability as to any issues arising from its jurisdictional dismissal of the Rule 59(e) motion or its denial of the Rule 59(e) motion because Petitioner fails to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(A); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000); Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*.